IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CALVIN BURKE                )
         Plaintiff          )
                            )
     V                      ) CASE NO. _____
                            )
St. LOUIS CITY JAILS,       )
  DALE GLASS,               )
 LEONARD EDWARDS,           )          JURY DEMAND
 TONYA HARRY,               )
 GEROME FIELDS,             )
 SCOT WEBER,                )
 C/O RUCKNER                )
                            CIVIL COMPLAINT

Plaintiff brings this Cause of action pursuant to
42 U.S.C § 1983 and the U.S. Constitution
particularly the 1st, 4th, 5th and 14th Amendments

STRIKES

Plaintiff has 3 Strikes but he ~~betters~~ believes this Case rise the the level of imment danger

EXHAUSTION OF ADMINISTRATIVE
REMIDIES
42 U.S.C § 1997

Plaintiff filed what defendants call an I.R.R before getting a grievance form. Inmate Resolution Request which is written on any sheet of paper and if defendants deem you have a grievable issue you can receive an actual grievance form. Defendants informed plaintiff his issue regarding strip search was NON-grievable. (see Exhibit attached hereto). Defendunt has not responded to C/O Ruckner threats.

PARTIES

1. Plaintiff Calvin Burke is currently being held at Medium Security Institution (MSI) A.K.A "Workhouse located 200 S. Tucker, St. Louis, mo 63102

2. Defendant Major Tonya Harry, Chief of security is presently and all times relevant working at the "Work house" in said capacity.

3. Defendunt Scot Weber constituency service unit officer is presently and all time relevant was workin at the Work house" in said capacity.

4. Defendant GEROME Fields UNit mannager is presently and all times relevant was working at the "Workhouse i's said capacity.

5. Defendant Dale Glass, commissioner is presently and all times relevant was working at the "Workhouse and "Justice Center" 200 s TUcKeR, St. Louis, mo 63102 iN said Capacity

6. Defendant Leonard Edwards, Detention center superintendent is presently and all times relevant was working at the "Workhouse" in said Capacity.

7. Defendant C/o RUcKNeR is presently and all times relevant was working at the "Workhouse" in Said capacity.

8. All of the defendants are being sued in their official and individual capacities for their actions or inactions While acting UNDER Color of state law.

## FACTS

9. Plaintiff arrived at the Workhouse on November 6, 2014

10. Plaintiff was housed in dorm B/0

11 Every wensday a team of correctional officers

Would Search the dorm foR ConTRaband then Conduct
a stRip search of the male occupants

12. There are oN a fluid basis 41-51 males.

13. Plaintiff is one of the males stRip searched.

14. ON Average Six detainees including plaintiff would
be directed to an officer in an areas with NO
partitions from each other or any detainees
and asked to remove all clothing and made
to squat cough and raise penis and scrotum etc.

15. other inmates looking oN would be making sexually
explicit comments about another detainee's
buttocks or penis or both in the presents of
these officers who only laugh.

16. Some of the detainees have a histoRy of
Sex CRimes and are registered sex offenders.

17. At Night time homosexual activities ore
pervasive in the dorm

18. ON information and belief, all dorms have active
homosexual activities.

12. ON average six (6) detainees including plaintiff Would be directed to an officer in an open area With no partions from each other or the rest of the detainees and asked to remove all clothing.

13. Other inmates looking on Would be making Sexual explicit comments about another detainee's buttocks or penis or both.

14. Some of the detainees are registered sex offenders.

15.

19. Defendant's policy of strip searching large groups of detainees without partitions reinforce the homosexual consent and rape culture.

20. Defendant's policy/method of conducting strip searches is nothing but a fashion show for sexual predators.

21. Once the lights are out at night some of the auxiliary lighting are blown or the covering are so filthy the lighting is poor.

22. The sexual predators have the officers rounds timed and most of the time C/o are not at their assigned post.

THREAT of SODOMY

23. On or about December 3, 2014 during lunch time at the chow hall C/o Ruckner told plaintiff and three other inmates to "get your black asses up chow is over".

24. Plaintiff stated who are you talking too- C/o Ruckner respond if you black I am talking to you.

25. Several more inmates began to yell at C/o Ruckner about being told to get their black asses up.

26. I got the attention of Lt. Henderson.

27. She came over and I explained to her what transpired between our table and C/o Ruckner.

28. Lt. Henderson told C/o Ruckner several times to leave but he was not following the orders of his superior and kept trying to get closer to Plaintiff calling him a fucking snitch.

28. I filed an I.R.R (Inmate Informal Resolution Request) to Scot Weber and Greeume Fields describing the incident.

29. Several days later I saw Lt. Henderson and she told me she took care of the matter and C/o Ruckner admitted say getting your blackasses up from the table, but it slipped.

30. On or about December 11, 2014 C/o Ruckner told me to take my tray and finish eating standing up.

31. Lt. Hughes came over and told me to throw my tray in the dishroom window and that I was not to stand until I finish eating.

32. I Told Lt. Hughes C/o Ruckner told me to stand, and eating

33. Lt. Hughes allow me to finish eating and left, but not before C/o Ruckner said your telling hus

gotten you on the list.

34. Lt. Hughes walked away as if he heard nothing.

35. I responded what list.

36. Defendant Ruckner promised to have me gang raped until semen run out my rectum like a volcano (He used sexual expletives to describe the body parts more grossly.

37. He welcomed me to report the incident. And stated " That Bitch you told last time don't run shit " On information and belief Ruckner was referring to Lt. Henderson.

38. Correctional officer at the "Workhouse" have been fired in the past for allowing gang members to beat and extort other detainees and even for ~~selectively~~ selectively targeting detainees they dislike.

39. I ~~was~~ was seperated from C/O Ruckner by other officers inorder to keep him away from me.

40. These officers heard C/O Ruckner threaten me and did nothing as far as reporting the incident to their superior

41. I reported the incident again to Lt. Henderson immediately and she followed up on it. I saw Ruckner going to the Captain's office.

42. I again wrote defendants Weber and Fields for a grievance form to document the threats to my safety by Ruckner.

43. The communication to weber and fields stated; Ruckner threaten to have me raped; The inmate handbook pg 11 states "The City of St.Louis Division of Corrections has zero tolerence for sexual abuse of inmates, by either staff or by other inmates and will investigate all allegations of those who victimizes others." I never received a response I guess defendants want me raped first.

44. About an hour later while working my job detail c/o Ruckner stated I better check in before I get F_cked until I pass out. Can't nobody stop me from getting to you when I want you. I don't have to be here to get your ass.

45 CHECK IN is the jail slang for go to P.C.

46. Unable to concentrate on nothing but c/o Ruckner threats on 12/17/2014 I intentionally disobeyed an order to strip search resulting in me being taken to segregation. I checked out without making myself look like a coward because I will have to come back in population It is my belief c/o Ruckner will stop his threats if he see me gone for awhile, sense other defendants either have not taken my statement serious or do not care if a staff member threaten to have a detainee raped or not.

## Count I
### 42. U.S.C § 1983

47. Plaintiff reference paragraph 1-46 as if stated herein

48. All of the defendants violated my rights as more fully described in previous paragraphs

49. Defendants Glass, Edwards, HARRY and Fields are overseers of a culture of insubordination and retaliation, thus leaving detainees exposed to the devices of rogue C/o such as RUCKNER. A detainee should not have to seek protected custody, segreation or administrative custody from members of law enforcement for their ~~~~ safety.

## Count 2
### First Amendment violation

50. Plaintiff reference paragraphs 1-49 as if stated herein.

51. Defendants Glass, Edwards, HARRY, Fields and weber have created a grievance procedure that exist only in theory.
All official I.R:R (Informal Resolution Request) and grievances are under lock and key by the "gate keepers" Fields and weber per order of Glass, Edwards and HARRY to create a bar a detainee complaint must meet inorder to get a grievance.

52. There is no standard under the petition clause of the First Amendment to be met before this right is triggered. The ultimate design of defendants so-called grievance procedure is to dissuede, deter, frustrate and asdefense mechanism in case of suit.

## Count 3
### Fourth Amendment Violation

53. Plaintiff reference paragraphs 1-52 as if stated herein.

54. Defendant's ~~and~~ strip search policy violates the unreasonable standard of the Fourth Amendment.

55 Defendants have a right to strip search plaintiff based on security concerns. However the plaintiff has a right not to be viewed by non correctional officials mainly detainees.

## Count 4
### Due Process Violation
### of Fifth Amendment

56. Plaintiff reference 1-55 as if stated herein.

57. plaintiff should not have to wait until he'physically or sexually assaulted or whatever plan c/o Ruckner has for him before other Defendants act.

58. Plaintiff has not been convicted and even if he had been, no court would have sentenced to be under the physical and sexual threat of assault under the authority of c/o Ruckner or anyother c/o.

## Count 5
### Equal Protection under the law.
### Due Process
### Fourteenth Amendment.

59. Plaintiff reference 1-58 as if stated herein.

60. plaintiff is being denied equal protection under the

Law by all defendants. Plaintiff should be able to use the grievance system to report defendant's RUCKNER threats of physical and sexual violence at the hands of other inmates. he may enlist for his desired outcome.

61. Plaintiff has a right not to be forced into hiding by a Correctional officer resulting in fear and ~~anxiety~~ anxiety because of threats to his personal safety.

62. Plaintiff has a right to be in general population and enjoy all the privileges allowed to other detainees including visits, phone calls, commissary, recreation and safety.

63. Plaintiff had a right to have his allegations against staff at least investigated and not be dismissed as some anger comment.

## COUNT 6
### Custom and Policy

64. Plaintiff reference paragraph 1-63 as if stated herein.

65. Defendants have a custom and policy of not allowing the use of the grievance system to report staff misdeeds

66. Defendants have a custom and policy of not investigating staff threats against inmates. Defendants Glass, Edwards and HARRY allow this subculture of officers threats to exist as a control mechanism.

67. ~~Defendants address these threats to ..... inmates..... ..... ..... practice~~

WHEREFORE, Plaintiff humbly request this court
to enter Judgement against all of the defendants
Jointly and severally in excess of $10,000 and because
defendant's acted with a total disregard for plaintiff
Safety and health punitive damage in an amount
the court deems just and proper to deter such
behavior.

December 19, 2014                    Colin Burke