## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CALVIN BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV2107 RLW |
| | ) |
| ST. LOUIS CITY JAILS, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Calvin Burke, a prisoner at the St. Louis City Justice Center ("Justice Center"), moves for leave to proceed in forma pauperis. Plaintiff has three "strikes" under 28 U.S.C. § 1915(g). He may only proceed in forma pauperis, therefore, if his allegations demonstrate that he is in imminent danger of serious physical injury. After careful review, the Court finds that he has not made such a showing. The motion is denied.

## Plaintiff's Allegations

Plaintiff brings this action under 42 U.S.C. § 1983 against several officials at the Justice Center. Plaintiff alleges that on December 3, 2014, defendant Ruckner addressed him and several other African-American prisoners using racial slurs. Plaintiff complained to Ruckner's lieutenant, who then told Ruckner to leave. On December 11, 2014, Ruckner told plaintiff to stand while eating. A lieutenant saw plaintiff eating standing up and told him he could not stand until he was done eating. Plaintiff told the lieutenant that he was following Rucker's instructions. Soof after, Ruckner threatened to have gang raped by prisoners in retaliation for plaintiff having complained to Ruckner's lieutenants. Other officers heard the threat and separated plaintiff from Ruckner. About an hour later, Ruckner again threatened to have plaintiff

raped. Ruckner described what would happen in vulgar and violent terms. Ruckner told plaintiff he should seek protected custody if he did not want to be raped. Ruckner also stated that he could get to him whenever he wanted.

On December 17, 2017, plaintiff disobeyed an order so that he would be sent to administrative segregation, where he would be protected from Ruckner and other inmates. Plaintiff says, "It is my belief that Ruckner will stop his threats if he see me gone for a while . . ."

Plaintiff also complains that the strip search procedures at the facility are unconstitutional because six inmates are searched at the same time in a small area where they are exposed to one another. Plaintiff says that the guards allow the inmates to make indecent comments to others regarding their genitals and homosexual sex.

Plaintiff wrote to defendants Gerome Fields and Scott Webber requesting grievance forms so that he could address Ruckner's threats officially. Plaintiff was never given the forms.

## 28 U.S.C. § 1915(g)

Plaintiff states in his complaint that he has three strikes under § 1915(g). The Court has reviewed plaintiff's prior litigation and finds that he has three dismissals that qualify as strikes under the statute. See Burke v. Snyder, No. 3:03CV3024 (C.D. Ill. July 20, 2004) (order dismissing action for failure to state a claim for which relief could be granted and specifically noting that the claim counted as a "strike" for purposes of the PLRA); Burke v. Montgomery County Jail, No. 3:12CV253 (M.D. Tenn. March 13, 2012) (dismissing complaint for failure to state a claim under 42 U.S.C. § 1983); Burke v. Montgomery County Jail, No. 3:12CV293 (M.D. Tenn. March 28, 2012) (order dismissing action for failure to state a claim on *res judicata* grounds, on the basis that the claims were identical to those dismissed in Case No. 3:12CV253); cf. Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001) (dismissals on *res judicata* grounds

2

count as strikes under 28 U.S.C. § 1915(g)). Therefore, he may only proceed in forma pauperis if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." Ashley v Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original). To show imminent danger, a complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

The complaint does not demonstrate a pattern of misconduct evidencing the likelihood of imminent serious physical injury. At the time the complaint was filed, plaintiff was in administrative segregation. He sought this placement specifically so that he would be safe from Ruckner. He believes that when he is returned to the general population, Ruckner will not threaten him again. The complaint shows only that plaintiff was subjected to past non-physical harm. As a result, plaintiff has not shown that he is in imminent danger of serious physical injury, and he may not proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $400 filing fee no later than **January 26, 2015**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

3

**IT IS FURTHER ORDERED** that if plaintiff fails to timely pay the filing fee, the Court

will dismiss this action without further proceedings.

Dated this 12th day of January, 2015.

_Ronnie L. White_

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE