UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CALVIN BURKE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:14CV2107 RLW |
| ST. LOUIS CITY JAILS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. Plaintiff is unable to submit a certified copy of his prison account statement, so the Court will assess a partial initial filing fee of $1.00.[1]

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

---

[1] On January 12, 2015, the Court denied plaintiff's motion for leave to proceed in forma pauperis because it determined that he had three strikes under 28 U.S.C. § 1915(g) and failed to show he was in imminent danger. Plaintiff filed an amended complaint and a motion for reconsideration, but the Court denied it because plaintiff had not shown imminent danger when the case was filed.. Plaintiff appealed. The Eighth Circuit Court of Appeals directed the Court to determine whether plaintiff alleged imminent danger in his amended complaint, and the Court found that he did. So, the Eighth Circuit remanded the case for proceedings consistent with that finding. The Court's Order dated January 12, 2015 is therefore vacated.

Plaintiff's claims against the St. Louis City Jails are legally frivolous because jails are not suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

Plaintiff sues the individual defendants in their official capacities only. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, and because his claims appear to have merit, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order dated January 12, 2015, is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must complete the form and return it to the Court within thirty (30) days from the date of this Order.

Dated this 1ST day of July, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE