**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CALVIN BURKE, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:14-CV-2107 RLW |
| v. | ) ) | |
| ST. LOUIS CITY JAILS, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Extension of Time (ECF No. 98) and Plaintiff's Motion to Compel (ECF No. 99).

In Plaintiff's Motion for Extension of Time (ECF No. 98), Plaintiff claims that he needs another extension from September 30, 2016 until November 15, 2016 to complete discovery. Plaintiff claims that Defendants are not properly responding to discovery and not providing "smoking guns." In his Motion to Compel (ECF No. 99), Plaintiff broadly states that "Defendants refuse to comply with discovery request which is necessary for plaintiff to present his case and does not cause an undue burden to defendants."

In response, Defendants claim that Plaintiff has not alleged "good cause" for an extension of the discovery deadline. (ECF No. 100). Defendants also assert that this Court should deny Plaintiff's Motion to Compel for two reasons. First, Plaintiff did not meet and confer prior to filing his motion, as required by Fed. R. Civ. P. 37(a)(1). (ECF No. 101 at 1-2). Second, Defendants maintain that Plaintiff's discovery requests are overly broad, unduly burdensome, and seek documents not relevant to any party's claim or defense. (ECF No. 101 at 2-7). Specifically, Plaintiff has served several sets of discovery requests: one set of 23 separate

Requests for Admission; a set of 32 mixed discovery requests, including some interrogatories, some requests for production of documents, and some requests for information and documents; and an additional set of 36 combined interrogatories and requests for production of documents. Defendants state that they timely responded to the Requests for Admission and answered or objected to all 68 of Plaintiff's other requests. Defendants produced a total of 676 pages of documents. Defendants assert that Plaintiff's discovery requests are overly broad, particularly given that Plaintiff was incarcerated at the Medium Security Institution ("MSI") in the City of St. Louis from November 6, 2015 to September 14, 2015. (ECF No. 101 at 4-5). Plaintiff's Complaint complains of the conditions of his confinement during that time. However, Plaintiff's requests are not limited to the dates of his confinement and instead seek documents from 2005 through January 2016. Defendants also contend that Plaintiff's discovery requests are patently unreasonable. For example, Plaintiff requests (1) invoices and dollar amounts spent on repairs to MSI, (2) "all [employee] emails sent or received on the City computer terminal at the Workhouse [MSI] from January 2006 through January 2016," and (3) audio or video of inmate or staff assaults at MSI from 2005 through 2015. (ECF No. 101 at 5-7). Defendants assert that these requests pose significant security concerns, as well as unreasonable time and manpower investments.

The Court holds that Plaintiff has not provided any specific need for additional discovery. Rule 26 (b)(1) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit." Plaintiff does not refer to any discovery requests relevant to this litigation that were posed to Defendants and left unanswered. In contrast, Defendants have provided several examples of discovery requests that are overly broad and do not request any information that will advance this litigation. Unless and until Plaintiff can outline the precise discovery he needs to litigate his case, the Court will deny Plaintiff's motion to compel. *See Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (Rule 26 "vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit.")

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 98) and Plaintiff's Motion to Compel (ECF No. 99) are **DENIED** without prejudice.

Dated this 28th day of September, 2016.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**