# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CALVIN BURKE, | ) |
| Plaintiff, | ) No. 4:14-CV-2107 RLW |
| v. | ) |
| DALE GLASS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff Calvin Burke's ("Burke") Motion to Strike Answers/Pleadings Out of Time (ECF No. 105), Burke's Motion for Discovery Extension (ECF No. 108), Burke's Motion for Entry of Default (ECF No. 110), Plaintiff's Motion to Stay Summary Judgment (ECF No. 114), and Defendants' Motion to Strike Plaintiff's "Material Facts Not in Dispute" (ECF No. 122). These matters are fully briefed and ready for disposition.

## BACKGROUND

Burke's lawsuit arises from his confinement at the Medium Security Institution ("MSI"), also known as the "Workhouse," against Defendants in their individual capacities pursuant to 42 U.S.C. §1983 and 42 U.S.C. §2000cc. Plaintiff's Second Amended Complaint contains eight separate counts: Count I "42 U.S.C. §1983"; Count II "First Amendment Violations"; Count III "Fourth Amendment Violations," *i.e.*, the strip search policy at MSI was unconstitutional; Count IV "Due Process Violation of the Fifth Amendment"; Count V "Deliberate Indifference to Safety and Health"; Count VI "Custom and Usage"; Count VII "Violation of Equal Protection and Due Process Under the Fourteenth Amendment," and Count VIII "42 USC §1983".

Burke alleges that the accommodations at MSI were unsatisfactory because MSI was unsanitary and the heating system malfunctioned. Burke also complains about the quality of the food service at MSI because it did not conform to nutritional and caloric standards, and Defendants interfered with his access to kosher meals. Burke alleges that inmates at MSI were encouraged to engage in "gladiator style battles." Burke alleges that Defendants' strip search policy is unconstitutional because he was searched in the presence of "homosexuals, sexual predators, and known sex offenders," without privacy partitions, and that the searches occurred on a floor made wet from leaking toilets and urinals. Burke complains that the disciplinary process at MSI was unfair and he was confined to segregation for 5 days longer than his sentence. Burke further alleges that Defendants Gray, Glass, Edwards, Harry, Fields, Earvin, and Weber were policy-makers who acquiesced to various unsatisfactory conditions at MSI and/or ignored his complaints.

## DISCUSSION

### I. MOTION TO STRIKE ANSWERS/PLEADINGS

Burke argues that Defendant Peterson belatedly filed his answers to Burke's Complaint and, therefore, Burke has been "extremely prejudiced" by Peterson's failure to respond to the Complaint in a timely manner. (ECF No. 105).

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Thor Corp. v. Automatic Washer Co.*, 91 F. Supp. 829, 832 (D.C. Iowa 1950); *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)). Despite this broad discretion

however, striking a party's pleadings is an extreme measure, and, as a result, the Eighth Circuit has previously held that "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil § 1380* at 783 (1969)). *See also, Resolution Trust Corp. v. Gibson,* 829 F. Supp. 1103, 1106 (W.D. Mo. 1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.'").

The Court holds that Burke has not demonstrated any prejudice that would warrant the Court striking Defendant Peterson's pleadings. Burke has not identified any discovery that he was not allowed to conduct or any other disadvantage as a result of Peterson's late-filed pleadings. As a result, the Court denies Burke's Motion to Strike Answers/Pleadings Out of Time (ECF No. 105).

## II. MOTION FOR DISCOVERY EXTENSION

Burke filed a Motion for Discovery Extension (ECF No. 108). Burke requests that this Court "obtain non-privileged discovery matter previously requested which is relevant to prove [plaintiff's] case." (ECF No. 108 at 1). Burke requested information regarding the following:

- Captain Erwin's weekly inspection and documentation of repairs needed in the jails;
- requests for work written by correctional officers on every shift;
- documentation of the shift commander calling the maintenance supervisor for repairs because of extreme coldness from 2005-2015;
- documentation regarding the floor supervisory shift commander's requests for extra clothing and bedding for inmates;

- the entire maintenance log for January 2006 through January 2016;
- documents in the custody of Defendants Glass, Gray, Edwards, Fields, and Harry regarding Burke;
- documents regarding staff members fired, demoted, suspended or reprimanded from January 2006-January 2016 for using excessive force against inmates at MSI or the Justice Center;
- audio or video recordings of any inmate assaults or staff on inmate assaults at MSI from 2005-2015;
- documents related to expenditures on improvements at MSI over the last 10 years;
- documents related to urinals and toilets needing repairs for raw sewage leakage from November 2010 to 2016;
- documents related to MSI's boiler system malfunctioning from November 2010 to January 2016;
- documents related to any back up system for the boiler from November 2010 through January 2016;
- documents related to inspections of the boiler system at MSI from November 2010 through January 2016;
- documents from November 2010-January 2016 related to the back-up system in place at MSI when the boiler system failed;
- documents related to inspections of the boiler systems at MSI from November 2010-January 2016;

- documents related to requests for repairs to and repairs to the boiler system at MSI from November 2010 through January 2016;

- documents related to Defendant Adeoye's statement that there were two other members on the hearing committee;

- documents related to Defendant Fields' statement that Burke was confined in segregation from December 17, 2014 to January 20, 2015, but that this time was not beyond 30 days;

- documents related to Tom Rea's statement that when the boiler system "occasionally malfunctions" it was repaired by a qualified mechanic from January 1, 2014 until January 1, 2016;

- documents showing any inmate tampering with the hot water supply and what was done to stop such tampering;

- documents from Defendant Tom Rea showing inmates tampering with toilets and causing them to leak feces and urine; and

- documents from Defendant Richard Gray regarding Lt. Mitchell not being employed by MSI or any other city jail after 2015.

In response, Defendants argue that an extension of the discovery deadline is not warranted. Defendants note that Burke filed this Motion for Discovery Extension on October 27, 2016, when Motions for Summary Judgment were due to be filed in just three business days on November 1, 2016. Defendants assert that Burke has alleged no "good cause" for an extension of the discovery deadline. Defendants note that Burke's only basis for requesting an extension of the discovery deadline is that Defendants objected to some of Burke's Requests for Production of Documents. (ECF No. 109, ¶5). The Court previously denied Burke's Motion to Compel, which

addressed many of these same discovery requests. *See* ECF No. 104. Defendants argue that Burke has not filed a subsequent Motion to Compel and, therefore, no good cause exists for an extension of the discovery deadline.

In addition, Defendants contend that the additional discovery sought by Burke is overly broad, unduly burdensome, not relevant to any party's claim or defense, and requests information that would pose a significant and unacceptable burden upon the limited resources of counsel and the Division of Corrections. Defendants state that Burke seeks six to ten years' worth of documents related to repairs and maintenance, which is well outside his confinement dates. Defendants asserts that these documents are irrelevant and unreasonable because the conditions at MSI six to ten years prior to Burke's confinement had no impact on Burke. In addition, to the extent that such documents exist, these documents are not maintained electronically and it would be unduly burdensome for Defendants to locate, process, and produce such documents. In addition, Defendants contend it is unreasonable to provide Burke with ten years' worth of confidential and privileged personnel records of employees who are not parties to this case. Defendants assert that the privacy and security concerns preclude production of these documents. Defendants state that the Division of Corrections has had hundreds or thousands of employees for that ten year period alleged. In addition, Defendants note that the personnel records for Division of Corrections employees are not stored electronically and must be manually accessed, which makes Burke's request unduly burdensome. Finally, Defendants note that the purpose for which Burke seeks the employment records is to prove that other inmates were assaulted, not that he was assaulted; Burke never alleges that he was assaulted by an employee or inmate of the MSI during his confinement. As a result, Defendants claim that Burke's requests for employee

information are improper. Likewise, Defendants maintain that Burke's other requests referenced in his Motion are similarly overbroad and seek irrelevant information.

The Court denies Burke's Motion for Discovery Extension. "District courts are afforded wide discretion in their handling of discovery matters." *Stringfellow v. Perry*, 869 F.2d 1140, 1143 (8th Cir. 1989) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). The Court has afforded Burke with more than sufficient time to complete his discovery in this case. This case is from 2014 and Burke has received several extensions to obtain information to prove his case. The Court finds no basis for extending discovery based upon Burke's failure to previously obtain information requested.

Moreover, the Court holds that Burke's discovery requests are overbroad and seek irrelevant information. Burke alleges that MSI has a sexualized "rape culture" to which he was exposed; he alleges declining health from his religious (kosher) diet; and he experienced unreasonable disciplinary procedures, including spending 35 days in segregation. Burke's allegations do not warrant the expansive and immaterial requested information. Burke has not alleged that he was assaulted; therefore, he is not entitled to employee and MSI records regarding assaults at the facility, particularly because these records raise privacy and security concerns. Burke only arrived at MSI in November 2014 and is not entitled to six to ten years of records requested by him. Finally, Burke's requests for maintenance records are overbroad, given his limited allegations regarding the purported deficiencies in the housing at MSI. Burke is not entitled to six to ten years of maintenance records for a jailhouse facility, when such information is minimally relevant to his claims. Moreover, providing such information could threaten the safety and security at MSI. *See McGee v. Kurth*, No. 2:14CV14 CDP, 2014 WL 6607007, at *2 (E.D. Mo. Nov. 19, 2014) (Mo. Rev. Stat. § 217.075 (prohibiting the disclosure of information

that may affect the safety and security of a corrections facility)). For these reasons, the Court denies Plaintiff's Motion for Discovery Extension.

### III. MOTION FOR DEFAULT JUDGMENT

In the Motion for Default Judgment (ECF No. 110), Burke contends that Defendant Peterson has not answered the Complaint after being served on November 4, 2015. The Court notes that Defendant Derek Peterson filed his answer on September 19, 2016. (ECF No. 102). Burke claims that he has not received a copy of Defendant Peterson's answer. The Court, therefore, denies the Motion for Default Judgment, but will order the Clerk of the Court to forward a copy of Defendant Peterson's answer to Burke.

### IV. MOTION TO STAY SUMMARY JUDGMENT

In the Motion to Stay Summary Judgment (ECF No. 114), Burke asks for this Court to stay briefing of the summary judgment motion so that he can obtain some outstanding discovery, particularly documents responsive to his motion to compel discovery.[1]

Defendants opposes the Motion to Stay Summary Judgment, noting this case has been pending for over two (2) years and that Burke had over ten (10) months to conduct discovery before the summary judgment deadline. (ECF No. 115).

The Court denies the Motion to Stay Summary Judgment. The Court has denied the Motion to Extend Discovery (ECF No. 108). The Court holds that Burke has failed to provide evidence that he had insufficient time to conduct discovery or was otherwise unable to present facts to oppose Defendants' Motion for Summary Judgment. Therefore, the Court denies the Motion to Stay Summary Judgment.

---

[1] The Court assumes that Burke's reference to a motion to compel discovery is in error. Burke had no pending motion to compel discovery. Rather, the Court assumes Burke was referring to his Motion to Extend Discovery (ECF No. 108), which the Court denied earlier in this Order.

## V. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "MATERIAL FACTS NOT IN DISPUTE"

Defendants move to strike Plaintiff's "Material Facts Not in Dispute." (ECF No. 122). Defendants assert that Burke filed his "Material Facts Not in Dispute" (ECF No. 121) over two months after the deadline to respond to Defendants' Motion for Summary Judgment. Defendants note that Burke filed his "Material Facts Not in Dispute" and an exhibit thereto consisting of 352 pages of documents and affidavits. Defendants argue that, to the extent that Plaintiff's "Material Facts Not in Dispute" could be construed as a response to Defendants' Motion for Summary Judgment or as a motion for summary judgment, then the Court should strike it as untimely for failing to conform to the Federal Rules of Civil Procedure and to the Court's Local Rules. (ECF No. 122, ¶6). Even if Burke's "Material Facts Not in Dispute" were timely, Defendants claim that Burke's filing is deficient because it fails to cite to the record for each of the supposed undisputed facts, contains repetitive numbering, and contains arguments and legal conclusions, not statements of facts. (ECF No. 122, ¶7). Defendants ask this Court to strike the "Material Facts Not in Dispute," find that Burke has not filed a timely response in opposition, and deem admitted all facts alleged in Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(e)(2).

In response (ECF No. 123), Burke argues that he has been denied discovery throughout this process. Burke claims that granting this Motion to Strike would be illogical and unreasonable when he has a pending Motion to Stay the Summary Judgment briefing.

The Court grants the Motion to Strike Burke's "Material Facts Not in Dispute." (ECF No. 122). The Court notes that it has denied Burke's Motion to Stay Summary Judgment and the Motion for Discovery Extension. Even if discovery were not complete, that did not relieve Burke of his obligation to properly respond to Defendants' Motion for Summary Judgment.

"Discovery does not need to be complete before a district court grants summary judgment." *Ballard v. Heineman*, 548 F.3d 1132, 1136 (8th Cir. 2008) (citing *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008)). Unless a party files an affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, "a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it." *Nolan*, 521 F.3d at 986. The Court has exercised its discretion and determined that Burke has sufficient time to conduct discovery prior to the filing of Defendants' Motion for Summary Judgment. Likewise, the Court holds that Burke had ample time and evidence to file his opposition to Defendants' Motion for Summary Judgment during the time prescribed by the Federal Rules of Civil Procedure and the Local Rules. Therefore, the Court holds that Burke is not excused from filing a proper response to Defendants' Motion for Summary Judgment and strikes Burke's "Material Facts Not in Dispute." The Court deems as admitted all facts alleged in Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(e)(2).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Answers/Pleadings Out of Time (ECF No. 105) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery Extension (ECF No. 108) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default (ECF No. 110) is **DENIED**. The Clerk of the Court shall provide a copy of Defendant Peterson's Answer (ECF No. 102) to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Summary Judgment (ECF No. 114) is **DENIED**.

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Plaintiff's "Material Facts Not in Dispute" (ECF No. 122) is **GRANTED**. The Court deems as admitted all facts alleged in Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(e)(2).

Dated this 14th day of July, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**